(49 South. 217.)

No. 17,541.

TOWN OF VIDALIA v. FALKENHEINER.

(April 26, 1909.)

1. INTOXICATING LIQUORS (§ 112*)—SALE OF LIQUOR—MUNICIPAL ORDINANCES.

The ordinance of the town must be construed in accordance with and in conformity to Act 176, p. 236, of 1908, on the same subject-matter.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 112.*]

2. LIQUOR LICENSE.

The legal points have been considered and decided in State ex rel. v. Falkenheiner (No. 17,546) 49 South. 214, ante, p. 617.

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Action by the Town of Vidalia against Charles Falkenheiner. With this action have been considered in this court actions by the same plaintiff against A. P. Simms, against Adam Martinelli, and against G. R. Ober. or Conti Bros. Judgments for defendant in each case, and plaintiff appeals. Affirmed.

Samuel Lucius Elam and Dagg & Dale, for appellant. John Stirling Boatner, Jr., and Tullis & Reeves, for appellees.

BREAUX, C. J. In this case, the town of Vidalia sued the defendants for the sum of $750, the amount of a retail license. The claim of the town is that, each of the defendants has taken out a town license to conduct a saloon. Each owes two licenses—one to sell to the whites, the other to sell to negroes.

The defendants, as they construe the law, take the position that they are conducting only one saloon, and for this business only one license can be required.

If their interpretation of the statute is not maintained, then defendant urged the act under which two licenses are claimed by the state is repugnant to article 2 of the Constitution and of the fourteenth amendment.

The demand of plaintiff was rejected in the district court.

Plaintiff appealed.

In their answer to the appeal, defendants further urged, if the act means that they must pay two licenses, then it violates article 31 of the Constitution.

The facts are that the defendants sell to whites at one bar, and to colored persons

at another bar, separate from the first but in one building.

The means of ingress and egress between the apartments is behind the bar, so that those selling can sell to the whites in one apartment, and then, if necessary, step to the other apartment and sell to colored persons.

The town adopted an ordinance granting to each of the three of the defendants a privilege and permit to conduct a barroom in the town of Vidalia during the year 1909.

The complaint of defendants is that the ordinance of the town gives rise to the only inference that it was the intention of the town to exact only one license for each business as conducted by the defendants, and that its demand for two licenses is an afterthought.

That defense would be debatable were it not for the plain provision of the statute, No. 176, p. 236, of 1908.

The ordinance must be construed to conform with the cited statute.

When a permit is given by a town and a license issued to a saloon keeper, it must be understood that the statutory provisions defining the places to which licenses may be issued and directing how they should be conducted are read into the permit.

As to a Jim Crow saloon:

The defendants cannot conduct a "Jim Crow" saloon to which they lay claim; a Jim Crow saloon conducted somewhat on the order of the Jim Crow car.

The railway and street car law, as well as the laws which require a separation of the races in schools, afford no argument favorable to the defense.

On the contrary, as heretofore interpreted, they afford unanswerable ground to maintain that under its police power the state may enact laws directing that there shall be separate saloons, kept in separate buildings one from the other, i. e., the white separate from the colored.

It being a police regulation, the power of the state in the premises cannot reasonably be denied.

In regard to the objections on constitutional grounds of lack of due process of law, we can only say, in answer, that there is no want of due process of law as evidenced by the suits before us.

The term "due process of law" means a course of legal proceeding according to the rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights. Kennard v. Louisiana, 92 U. S. 480, 23 L. Ed. 478.

The proceedings here are according to the rules and proceedings alluded to above.

We make part of this opinion the opinion this day handed down in the case of State v. Falkenheiner, 123 La. 617, 49 South. 214.

For different reasons than those stated by the judge of the district court, we have arrived at the same conclusion as to the decree.

For reasons stated, the judgment of the district court is affirmed; costs of appeal to be paid by appellants.

PROVOSTY, J., concurs in the decree.